FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT - 2 2009

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                      Case No. 4:06-cr-00041 BSM

ANTOINE DEMETRIUS BAKER                                              DEFENDANT

## ORDER

Before the court are defendant Antoine Baker's motion to require investigative agents to retain rough notes (Doc. No. 234); motion for discovery of any evidence that might rebut or refute victim worth or victim impact evidence (Doc. No. 236); motion for pretrial production of statements of persons not to be called as witnesses (Doc. No. 240); motion for specific discovery regarding future dangerousness (Doc. No. 242); motion for government to reveal and disclose witnesses secreted or otherwise protected by the government (Doc. No. 247); motion to request grand jury testimony (Doc. No. 249); motion for notice of government's intention to use residual hearsay exception (Doc. No. 250); and motion for disclosure of presentence investigation reports of co-defendant, co-conspirators, and cooperating witnesses, or, in the alternative, *in camera* review (Doc. No. 276).

I. MOTION TO REQUIRE INVESTIGATIVE AGENTS
TO RETAIN ROUGH NOTES (Doc. No. 234)

Baker's motion that the court order the United States Attorney to secure the rough notes or field notes of all investigative agents in order to ensure that the court will have an opportunity to make an independent determination regarding the discoverability of these notes is granted. The government has no objection to instructing its agents to retain all rough

notes made during this investigation, but does object to providing these notes to defense counsel, as they are not discoverable as *Jencks* statements.

18 U.S.C. § 3500 provides, in pertinent part:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

(c) If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness. With such material excised, the court shall then direct delivery of such statement to the defendant for his use. If, pursuant to such procedure, any portion of such statement is withheld from the defendant and the defendant objects to such withholding, and the trial is continued to an adjudication of the guilt of the defendant, the entire text of such statement shall be preserved by the United States and, in the event the defendant appeals, shall be made available to the appellate court for the purpose of determining the correctness of the ruling of the trial judge. Whenever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial.

. . .

(e) The term "statement," as used in subsections (b), (c), and (d) of this section

in relation to any witness called by the United States, means –

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury. [COULD TAKE OUT THE REDLINED SECTIONS]

"There is no requirement in the *Jencks* Act that a statement meet a threshold for impeachment value or include exculpatory evidence before it is discoverable." *United States v. New*, 491 F.3d 369, 376 (8th Cir. 2007). "As long as it is a 'statement' that 'relates to the subject matter as to which the witness has testified,' . . . then it should be ordered produced." *Id.* (holding that the government failed to comply with the *Jencks* Act by failing to produce a case report of agent setting forth the actions of the agent on the date of the accident and the agent's observations made at the scene). *But see United States v. Wright*, 540 F.3d 833, 842 (8th Cir. 2008) (noting that any alleged "statements" by the government agent that consisted solely of "the agent's interpretations or impressions" were not to be produced); *United States v. Greatwalker*, 356 F.3d 908, 911 (8th Cir. 2004) (stating that providing typewritten reports of interviews satisfied the *Jencks* Ack unless the handwritten notes materially departed from the typewritten reports in substance or there was bad faith on the government's part).

The motion is granted. The government is directed to secure all rough notes made

during this investigation. After said witnesses have testified on direct examination, Baker may move for the production of any statements covered by the *Jencks* Act, at which time the court will order production or conduct an *in camera* review of said statements.

## II. MOTION FOR DISCOVERY OF ANY EVIDENCE THAT MIGHT REBUT OR REFUTE VICTIM WORTH OR VICTIM IMPACT EVIDENCE (Doc. No. 236)

Baker moves that the court order the government to produce information concerning the victim, Jerry Otis, is denied as moot. The information sought by defendant includes, but is not limited to:

(1) Any evidence concerning the victim's job and/or his contributions, or lack thereof, to the community, including, but not limited to, church membership, volunteer services, or other board membership, including, but not limited to, evidence that the Little Rock Police Department or Metrock or its intelligence sections considered victim, Jerry Otis, to be a drug dealer of any level.

(2) Any evidence concerning the victim's prior criminal record, if any, including misdemeanors and traffic violations.

(3) Any evidence of the victim's general unreliability.

(4) Any evidence that the victim was violent, or violated the law in any way.

(5) Any evidence of any disciplinary reports or reproaches relating to the victim's job.

The government states that any evidence that impeaches the character of the victim is contained in its files, which defense counsel has had the opportunity to review, at least twice. The government also states that it has no evidence regarding the victim's employment, church membership, voluntary services, or board memberships, and has no

evidence that the victim was unreliable or violent, or had any disciplinary reports or reproaches relating to his job. Further, the government is aware that the victim was engaged in criminal activity, including drug usage, possession, and/or distribution, and that the victim has some prior criminal record, but that evidence has been disclosed to defense counsel.

### III. MOTION FOR PRETRIAL PRODUCTION OF STATEMENTS OF PERSONS NOT CALLED TO BE WITNESSES (Doc. No. 240)

Baker moves this court for an order requiring the prosecution to produce, well before trial, all interviews, memoranda, and reports for interviews made with those persons whom the government has determined not to call as witnesses in this case. In response, the government states that it has permitted the defense to review its file as it relates to the reports, interviews, and statements made by prospective witnesses, whether called or not to testify at trial. Thus, this request is denied as moot.

Baker also sets forth a laundry list of materials and information that he should be provided. The government states that it has provided the criminal history of Baker and the psychological evaluation of Baker. It further states that it will provide the defendant with the criminal history of the witnesses that it intends to call; information regarding bad acts of any witness, if known; all considerations of promises or immunity or the consideration given to any witness; and all other information which could be considered disclosable under *Brady* or *Giglio*.

More specifically, the government states that Baker has been provided through review of the file of the United States Attorney's Office or otherwise, or will be provided, with the

following requested materials and information:

    (b) Any record of prior criminal convictions of defendant or any persons whom the U.S. Attorney intends to call as witnesses at any hearing or at the trial of this matter;

    (c) Any and all records and information showing prior misconduct or bad acts (404(b) or not) committed by an prosecution witness;

    (d) The exact nature and substance of any and all considerations or promises of leniency, immunity, or any other consideration given to or made on behalf of any prosecution witness or person providing information to the authorities herein;

    (e) Any and all prosecutions, investigations or possible prosecutions pending, which could be brought against any prosecution witness or person providing information to the authorities herein, and any probation, parole or deferred prosecution status of any such witness or person;

    (f) Any psychological, psychiatric or mental evaluation of any prosecution witness or any evidence of any psychological, psychiatric or mental treatment of any such witness;

. . .

    (h) Any relationship to the prosecuting authorities or police officers involved in this cause or persons whom the prosecuting attorney intends to call as witnesses or who provided information to the authorities herein;

    (i) Any information that any of the prosecution witnesses had consumed alcohol and/or drugs prior to witnessing the events that gave rise to their respective testimony;

. . .

    (m) All tape recordings, tapes, still photographs, and video tape or digital recordings made in connection with this case;

    (n) Any information tending to show that other persons excluding the accused were involved in the crime alleged;

    (o) Any material or information within the knowledge, possession or control of the U.S. Attorney or authorities which would tend to be favorable to the accused on the question of quilt, or mitigate any punishment therefore, or

which could reasonably be expected to help the Defendants in the preparation of their defense;

(p) Any internal documents or other evidence of law enforcement official's misfeasance or negligence, whether by acts or omission or commission, in the performance of his or her duties concerning this case, specifically including whether the arrest herein was made in hopes of furthering any other criminal prosecutions;

. . .

(s) Any statement of any individual which presents or indicates a doubt as to the identity of the accused, the location of the crime, or a description of any tangible item relevant to the charge;

(t) The fact that a witness has testified falsely or gave inconsistent statements even in an unrelated case . . .;

. . .

(v) Any 404(b) evidence to be used in this case against the accused, or which could be used against any witness.

To the extent the government has provided the requested materials and information, the request is denied as moot. As to the materials and information not yet provided, but in the possession of the government, the government is directed to provide such on or before Thursday, September 8, 2009.

Baker also requests, "(a) A photocopy of the police (state and federal) investigative file in this case, including the complete, unabridged and unexpurgated investigation files of all the police and law enforcement agencies involved in this case." The government objects to providing the complete, unabridged, and unexpurgated investigative file, but states that the defense attorneys have reviewed the file of the United States Attorney's Office. Baker's request is denied.

With regard to Baker's request in (g) for "[a]ny hypnosis given to any prosecution

witness to assist that witness' memory or recollection of the facts to which same will testify," the government states that there is no known hypnosis given to any witness. The request is therefore denied as moot.

The government objects to Baker's request for "(j) The names and addresses of any individuals who were at any time considered suspects in this matter, and the basis of such suspicion, together with the nature of any resulting charges derived therefrom." The government states that Baker has always been the primary suspect in the murder of Jerry Otis, that other people helped him and have been convicted of that, and the request is superfluous because the defense knows this information. The government also states that it objects to giving out addresses of anyone associated with this case. Based upon the government's response, the request is denied.

In (l), Baker requests:

> The names, addresses, telephone numbers and employment of all persons who have any knowledge of any material facts in connection with this case, including any informants, who have supplied any information to the police or prosecuting attorney; (This request is made in addition to the individuals revealed in (a), above.)

The government objects to giving out the addresses or telephone numbers of anyone associated with this case. Baker's request is hereby granted.

Baker also requests "(k) All transcripts, summaries or other information concerning electronic surveillance of the Defendant, the Defendant's premises or automobile or conversations to which the Defendant was a party, including jail conversations and telephone

calls[.]" In response, the government states that it objects to giving out addresses of anyone associated with this case. Baker's request is hereby denied.

The government objects to Baker's request for "(q) Any training guides, manuals or other similar materials utilized by each law enforcement agency involved herein which provide information relative to any investigation or arrest in this type of crime[.]" The government states that the request is too voluminous and non-specific. The court agrees. Baker's request is denied. Baker may, of course, revise his request and resubmit it.

Baker requests, "(r) Any evidence of periodic destruction of any evidence by any law enforcement agency involved herein, such as periodic destruction of documents, officer's case notes and the like, and whether any such evidence, documents or officer's case notes were destroyed in this case[.]" The government states that it knows of no periodic destruction of evidence. The request is denied as moot.

Baker also requests "(u) Negative evidence; e.g., as the result of any type of scientific test that failed to connect the defendant to the crime such as absence of fingerprints, physical, or serological evidence or presence of such evidence of another." The government states that because the defendant was in jail at the time of the murder of the victim, there are no fingerprints by the defendant on the murder weapon. Due to the allegations and the nature of the proof in this case, this request is denied.

### IV. MOTION FOR SPECIFIC DISCOVERY REGARDING FUTURE DANGEROUSNESS (Doc. No. 242)

Baker requests that the government produce or otherwise disclose certain materials

maintained by the Federal Bureau of Prisons ("BOP"). Specifically, Baker requests: (1) data summaries prepared for the Key Indicator Strategic Support Program ("KISS"); (2) documents created/distributed to BOP personnel; (3) documents related to prison assault rates; (4) documents related to escapes from federal administrative and high security (ADX) institutions; (5) guidelines/policies related to assignment of inmates to institutions and units; (6) data related to violent conduct by inmates; (7) BOP institution and unit brochures; and (8) tours of BOP facilities. Baker asserts that this information is pertinent to a jury's consideration of the issue of future dangerousness, especially in light of the fact that the government has included three such aggravating circumstances in its notice of intent to seek penalty of death. Additionally, Baker asserts that because the government alleges that he will be a future danger even in prison, and is likely to present testimony of an expert regarding the dangers present in the federal prisoner environment, due process requires that the information be made available to him.

The government objects to the motion in its entirety stating that it cannot provide the requested documents. The government asserts that the motion is too broad and irrelevant, noting that the motion seeks information from January 2001, while Baker has only been in custody since January 2006. Baker's motion is denied.

### V. MOTION FOR GOVERNMENT TO REVEAL AND DISCLOSE WITNESSES SECRETED OR OTHERWISE PROTECTED BY THE GOVERNMENT (Doc. No. 247)

Baker moves the court to order the government to disclose if witnesses in this case and

controversy are being secreted or otherwise maintained in protected custody. The government states that it is not secreting or otherwise maintaining witnesses in protective custody. The motion is denied as moot.

VI. MOTION TO REQUEST GRAND JURY TESTIMONY (Doc. No. 249)

Baker moves this court to order that the entire record of the proceedings before the Grand Jury be delivered to his counsel without delay. Baker asserts that these materials are necessary for his counsel to be prepared to advocate with full knowledge of the circumstances surrounding the allegations against him when they make a second appearance before the Capital Case Unit of the United States Attorney General.

In response, the government states that the motion is generic and non-specific. Additionally, the government states that it has provided defense counsel the opportunity to review the grand jury transcripts of witnesses who have appeared before the grand jury, and provided copies of those transcripts to defense counsel. The government also states that defense counsel has already made his argument before the Capital Case Unit. Finally, the government asserts that defendant has not made his request under one of the exceptions to Federal Rule of Criminal Procedure 6(e) and is not seeking to the grand jury transcripts to dismiss the indictment.

Federal Rule of Criminal Procedure 6(e)(3)(E) provides, in part:

(E) The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:

(i) preliminarily to or in connection with a judicial proceeding;

>   **(ii)** at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . .

"[C]ourts will not order disclosure absent a recognized exception to Rule 6(e) or a valid challenge to the original sealing order or its implementation." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009).

The court finds that insofar as the transcripts have been provided, and Baker's stated reason for needing the transcripts—argument before the Capital Case Unit—no longer applies, the motion is moot. Furthermore, Baker has failed to set forth an applicable exception to Rule 6(e). For these reasons, the motion is denied.

### VII. MOTION FOR NOTICE OF GOVERNMENT'S INTENTION TO USE RESIDUAL HEARSAY EXCEPTION (Doc. No. 250)

Baker moves this court for an order requiring the government to provide notice of its intent to offer any statement that falls within the residual hearsay exception thirty days prior to trial. Fed. R. Evid. 807. Although the government could have provided notice prior to that date, on September 25, 2009, the government provided notice of its intent to offer certain testimony of Sgt. Lynda Keel of the Little Rock Police Department by responding to the motion. The court finds that the government provided notice sufficiently in advance to prevent prejudice. Thus, the motion is denied as moot. The court does not express an opinion on the admissibility of such testimony at this time.

VIII. MOTION FOR DISCLOSURE OF PRESENTENCE INVESTIGATION REPORT OF CO-DEFENDANT, CO-CONSPIRATORS, AND COOPERATING WITNESSES, OR IN THE ALTERNATIVE, *IN CAMERA* REVIEW (Doc. No. 276)

Baker moves the court to order that the presentence investigation reports ("PSR") for co-defendant, alleged co-conspirators, and government witnesses be provided to defense counsel for use at trial before the start of trial. In response, the government asserts that Baker has failed to make a threshold showing of a good faith belief that the co-defendant's PSR contains exculpatory evidence not available elsewhere or make a showing of special need warranting *in camera* review. The government also notes that it has complied and will continue to comply with its disclosure obligations under *Brady* and *Giglio*.

"It is generally agreed that 'some showing of special need' is required before a district court should release a PSR to a third party." *United States v. Spotted Elk*, 548 F.3d 641, 672 (8th Cir. 2008). In *Spotted Elk*, the Eighth Circuit held that the defendant failed to show a special need. *Id.* The court focused on the defendant's ability to obtain the necessary information to show sentencing disparity from publicly available sources, such as the plea agreements, factual basis statements, trial transcripts, and judgments for many co-conspirators who pleaded guilty. *Id.*

Here, Baker has failed to show "some special need" for the PSRs. *See United States Department of Justice v. Julian*, 486 U.S. 1, 12 (1988). The court finds that no *in camera* review is warranted because Baker has failed to make a threshold showing of a good faith belief" that the co-defendant's, co-conspirators', or cooperating witnesses' PSR "contains

exculpatory evidence not available elsewhere. *United States v. Molina,* 356 F.3d 269, 275 (2d Cir. 2004). Furthermore, the government states that it is aware of its disclosure obligations and will continue to comply with them. Baker's motion is denied.

Accordingly, defendant Antoine Baker's motion to require investigative agents to retain rough notes (Doc. No. 234) is granted; motion for discovery of any evidence that might rebut or refute victim worth or victim impact evidence (Doc. No. 236) is denied as moot; motion for pretrial production of statements of persons not to be called as witnesses (Doc. No. 240) granted in part as to the addresses and telephone numbers of anyone associated with the case and as to the information that the government has committed to provide Baker, and denied in part as moot; motion for specific discovery regarding future dangerousness (Doc. No. 242) is denied; motion for government to reveal and disclose witnesses secreted or otherwise protected by the government (Doc. No. 247) is denied as moot; motion to request grand jury testimony (Doc. No. 249) is denied as moot; motion for notice of government's intention to use residual hearsay exception (Doc. No. 250) is denied as moot; and motion for disclosure of presentence investigation reports of co-defendant, co-conspirators, and cooperating witnesses, or, in the alternative, *in camera* review (Doc. No. 276) is denied.

IT IS SO ORDERED THIS 2nd day of October, 2009.

UNITED STATES DISTRICT JUDGE