**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                **PLAINTIFF**

v.            **Case No. 4:06-cr-00041 BSM**

**ANTOINE DEMETRIUS BAKER**                              **DEFENDANT**

**ORDER**

Before the court is defendant Antoine Baker's motion to sever counts 1, 2, and 3 (the "felon-in-possession" counts) of the third superseding indictment (Doc. No. 232). The government has responded. Baker's motion is denied for the reasons stated below.

Federal Rule of Criminal Procedure 8 provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The Eighth Circuit has repeatedly held that Rule 8 "is broadly construed in favor of joinder." *US v. Johnson*, 462 F.3d 815, 821 (8th Cir. 2006) (citing *United States v. Little Dog*, 389 F.3d 1032, 1037 (8th Cir. 2005); *United States v. Rock,* 282 F.3d 548, 552 (8th Cir. 2002) (citing *United States v. Rodgers,* 732 F.2d 625, 629 (8th Cir. 1984))). Baker argues that the felon-in-possession counts share "no nexus" and are completely disparate from the rest of the case. These counts share a close temporal and logical connection with Baker's alleged drug trafficking counts (counts 4, 5, and 6). Baker also argues that these counts share no connection with the December 2002 murder charges (counts 7, 8, 9, and 10), but the murder charges are tied with the drug trafficking charges closely. Baker is alleged to have

conspired to murder a witness to his drug trafficking activities.

Counts 4, 5, and 6 allege that Baker committed various drug distribution offenses from the Spring of 2002 to December 2005. The underlying activity in the felon-in-possession charges allegedly occurred in November 2005 and January 2006. This close temporal connection is supplemented by a logical connection: the guns were allegedly used in the course of Baker's alleged drug trafficking. The Eighth Circuit has held that felon-in-possession counts are logically connected to charges of drug trafficking. *United States v. Felici*, 54 F.3d 504, 506 (8th Cir. 1995) (citing *United States v. Jones*, 880 F.2d 55, 62 (8th Cir. 1989) (stating that weapons have become "tools of the trade" in drug distribution schemes)).

Even if all counts are found to be temporally and logically connected, Federal Rule of Criminal Procedure 14 permits severance of properly joined offenses to avoid prejudice to a party. Both Baker and the government agree that the court maintains substantial discretion in this determination, although the Eighth Circuit has stated that it will reverse a denied severance only if it caused the defendant "severe prejudice." *United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002) (citing *United States v. Crouch*, 46 F.3d 871, 875 (8th Cir., 1995), *cert. denied sub nom. Mandacina v. United States*, 516 U.S. 871 (1995)).

Baker argues that a failure to sever would unduly influence the jury by notifying them that he is a convicted felon before they decide his guilt. Evidence of the felon-in-possession charges, however, would be admissible in a separate trial for the remaining counts because the conspiracy was an attempt to prevent testimony on the drug trafficking charge, which involved his possession of guns. *See United States v. Rock*, 282 F.3d at 552. Baker will not

be prejudiced if all of the counts in the third superseding indictment are tried together. Baker's motion to sever the felon-in-possession counts is thus denied.

IT IS SO ORDERED THIS 6th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE