**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**v.**                       **CASE NO. 4:06-CR-00041 BSM**

**ANTOINE DEMETRIS BAKER**                                          **DEFENDANT**

## ORDER

Defendant Antoine Baker's motion to vacate, set aside, or correct his sentence [Doc. No. 424] is denied, and his motions seeking a speedy resolution of the issue [Doc. Nos. 428, 429] are granted and resolved by this order. Baker claims that federal subject matter jurisdiction was lacking when he entered a plea of guilty and received a life sentence because the crime had no connection to the federal government. Doc. No. 424, at 4. The motion is denied for three reasons.

First, Baker's motion is an unauthorized successive habeas petition because Baker made this argument to the Eighth Circuit in appellate case number 15-3308, and the Eighth Circuit denied it. He is now bringing it under Federal Rule of Civil Procedure 60(b)(4) or (6) instead of 28 U.S.C. Section 2255, asserting that jurisdiction to impose the sentence was lacking. 28 U.S.C. § 2255(a). The motion is improper and is therefore denied.

The motion is also untimely. Motions under Federal Rule of Civil Procedure 60(b) must be made within a reasonable time and, although Baker pled guilty on October 15, 2009, he did not file this petition until January 19, 2017, more than seven years later. *See* Doc. Nos. 376, 424. Nothing in the record justifies this period of delay.

Finally, Baker's motion fails on the merits because federal subject matter jurisdiction existed. When Baker entered his guilty plea, the government provided a statement of the evidence it would present at trial. The government stated that Baker conspired to have a witness killed; the witness was killed pursuant to the conspiracy; and if the witness had not been killed, he would have testified against Baker in a federal trial. Tr. of Change of Plea and Sentencing Hr'g, 29:11–30:12, Doc. No. 408. Before pleading guilty, Baker agreed that the government's statement was "correct." *Id.* 30:21–31:1. Baker then pled guilty to all of the essential elements necessary to impose a life sentence. Order Denying Motion to Vacate, Set Aside, or Correct Sentence, Doc. No. 409, at 2.

For these reasons, Baker's motion to vacate, set aside, or correct his sentence [Doc. No. 424] is denied, and his motions seeking a speedy resolution of the issue [Doc. Nos. 428, 429] are granted and resolved by this order.

IT IS SO ORDERED this 14th day of August 2017.

_____
UNITED STATES DISTRICT JUDGE